Entered: January 17, 2012    Case 11-30586    Doc 28    Filed 01/17/12    Page 1 of 2

Signed: January 13, 2012

**SO ORDERED**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| GALO FERNANDO MUNIVE | : | Case No. 11-30586PM |
| MARIA FERNANDA ERAZO | : | Chapter 13 |
| | : | |
| Debtors | : | |

### MEMORANDUM OF DECISION

This case is before the court on the Motion to Dismiss filed Nancy Spencer Grigsby, the Chapter 13 Trustee, on the grounds that the Debtors are not eligible to file a case under Chapter 13 of the Bankruptcy Code, because they have unsecured debt in excess of the statutory limit for Debtors under Chapter 13. 11 U.S.C. § 109(e) provides:

> **11 U.S.C. § 109. Who may be a debtor**
>
> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

Debtors' Schedule A shows ownership of the following real properties:

(1) **23147 Yellowood Drive, Clarksburg, MD** -- valued at $438,800.00. Debtors scheduled two liens against the property aggregating $706,824.91. Thus

the holder of the claims secured by the two liens on the property is undersecured to the extent of $268,024.51.

(2) **18954 Quail Valley Blvd., Gaithersburg, MD --** valued at $291,700.00. Here Debtors show a senior lien in the sum of $427,130.43, an unsecured portion of $135,430.43 as to this debt, and a wholly unsecured junior lien of $52,802.20, for a total of $188,232.63 of unsecured debt on this property.

Adding the unsecured debt listed on Schedule F of $9,224.51, Debtors schedules show total unsecured debt of $465,481.65, that is well over the statutory limit for Chapter 13 cases.

It is settled law that the debtor has the burden of proving entitlement to relief under Chapter 13 and that the statutory requirements have been met. *National School Bus, Inc. v. Carignan*, 190 B.R. 739, 740 (BC N.D.N.Y 1996). The resolution of this contested matter is governed by the authority of the Fourth Circuit case of *In re Balbus*, 933 F.2d 246, 247 (CA4 1991). In *Balbus*, the Fourth Circuit held that the undersecured portion of an ostensively secured debt is included as unsecured debt for the purposes of § 109(e), by using § 506(a) to distinguish secured and unsecured debt as noted in the case of *In re Bernick*, 440, 449-51 (BC E.D. Va. 2010). *See also, Miller v. United States*, 907 F.2d 80, 81-82 (CA8 1990).

The Trustee's Motion will be granted, however, the court will withhold entering an order for fourteen (14) days should the Debtors choose to convert this case to another chapter of the Bankruptcy Code.

cc:
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Augustus T. Curtis, Esq., 7910 Woodmont Avenue, Suite 1103, Bethesda, MD 20814
Galo/Maria Munive, 23147 Yellowwood Drive, Clarksburg, MD 20871

**End of Memorandum**